**Reta Gale ORNER, Petitioner—Appellant,**

v.

**Teena FARMON, Warden; et al., Respondents—Appellees.**

No. 03–17238.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Nov. 15, 2004.

facts and procedural history of this case, we provide only an abbreviated summary here.

Tim Brosnan, Attorney at Law, Oakland, CA, for Petitioner–Appellant.

Robert R. Anderson, Depty. Atty. Gen., AGCA—Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: B. FLETCHER, NOONAN, and THOMAS, Circuit Judges.

MEMORANDUM *

Reta Gale Orner appeals the district court's order denying her 28 U.S.C. § 2254

habeas corpus petition. We reverse. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Because Orner filed her petition after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the portions of AEDPA relevant to this case, federal courts may not grant a habeas petition that was adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The primary question in this case is whether the state court's application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was unreasonable. The essential facts are undisputed. Petitioner was accused of murdering her husband and tried twice for the crime. In the first trial, Orner's counsel introduced a videotape of her deceased husband's grand jury testimony which largely corroborated his wife's testimony. The deceased husband testified affirmatively that his wife had not shot him and that they had a "perfect" marriage. The first trial resulted in a hung jury, with the jurors split 7–5 for acquittal.

Prior to the second trial, the prosecutor informed the defense that it had acquired an audiotape of a statement from a helicopter flight nurse who had rendered assistance to the husband following the shooting. On the tape, the flight nurse stated that, during the helicopter ride, the husband had implied that his wife had shot him. The prosecutor offered not to intro-

duce the tape, or use the flight attendant as a witness, if the defense agreed not to introduce the husband's grand jury video testimony during the second trial. Without conducting any investigation, petitioner's defense counsel agreed to the deal. Petitioner was convicted at the second trial.

If petitioner's trial counsel had investigated the new witness, counsel would have discovered that the testimony was unreliable and subject to impeachment. None of the other flight attendants who were present during the flight heard the statement, the statement was highly suspect, and the witness was of doubtful credibility. Indeed, according to unrebutted affidavits filed in the case, the prosecutor had already decided not to have the flight attendant testify at the second trial. According to the uncontested evidence, even a minimal investigation likely would have disclosed that the prosecution was unlikely to attempt to call the witness and, even if the testimony had been presented, the new testimony would have been ineffective. On the other hand, it is also virtually undisputed that the videotaped sworn testimony of the deceased constituted very powerful evidence in favor of the petitioner.

In a two page decision made without an evidentiary hearing, the state court concluded that trial counsel did not commit ineffective assistance of counsel in deciding not to introduce the grand jury videotaped testimony because "[i]t appears to the court that this was a considered tactical trial decision made by trial counsel...."

To be sure, in assessing constitutional ineffective assistance of counsel claims, "strategic decisions made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91, 104 S.Ct. 2052. However, *Strickland* does not support the holding that defense counsel may make no efforts at all in investigating the law and facts relevant to plausible options and then claim the decision was strategic. To the contrary, *Strickland* holds that "counsel has a duty to make reasonable investigations or to make a reasonable choices that makes particular investigations unnecessary." *Id.* The Supreme Court underscored this rule in *Williams v. Taylor,* 529 U.S. 362, 396, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), in noting the duty of trial counsel to conduct "a thorough investigation" before a decision could be categorized as strategic under *Strickland.* Similarly, in *Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), the Supreme Court held that the state court had unreasonably applied *Strickland* in concluding that trial counsel's decision was strategic, when the record established that trial counsel had not conducted a reasonable investigation prior to making the decision at issue. An uninformed strategy—a decision made without conducting any relevant investigation—is no strategy at all.

Here, it is uncontested that trial counsel neither made an investigation nor made a reasonable decision that made the particular investigation unnecessary. The state court's determination to the contrary was an unreasonable application of *Strickland, Williams,* and *Wiggins.*

The government asserts that the videotape testimony would not have been admissible in Orner's second trial. However, it was the government that introduced the videotape at the first trial, and under California law, former testimony does not come within the hearsay prohibition where the declarant is unavailable as a witness and "[t]he former testimony is offered against a person who offered it in evidence in his own behalf on the former occasion."

Cal. Evid.Code § 1291(a)(1). Thus, the videotape was facially admissible under California law. Further, the government's argument is particularly unpersuasive in light of the fact that the videotape was admitted as evidence at the first trial, and that the prosecution sought to exclude the videotaped testimony from the second trial through an evidence trade with defense counsel.

In sum, the undisputed record establishes that trial counsel rendered constitutionally deficient assistance to the petitioner by making a decision that prejudiced the outcome of the trial without conducting any investigation. The state court's conclusory determination that this did not constitute *Strickland* error was an unreasonable application of clearly established federal law as established by the Supreme Court of the United States. We therefore must reverse the decision of the district court denying the federal writ of habeas corpus and remand with directions to grant the writ.

REVERSED and REMANDED.